JOHN S. TAYLOR AND ANOTHER, RESPONDENTS, *v.* THOMAS HEPPER, APPELLANT.

*Streets — what constitutes a dedication of land for, as between grantor and grantee.*

The defendant, the owner of certain land in the village of Walden, caused the same to be mapped and laid out into village lots, with streets and avenues therein, and subsequently conveyed to the plaintiffs and one G. L. B. certain of the said lots, which fronted on a street designated on the said map as John street. The deeds provided that where any of the lots joined a street, the line was to extend to its center. *Held*, that the conveyance was, *per se*, a dedica-

tion of the street to the use of the grantees as a street, and that they could maintain an action to compel the grantor to remove obstructions therefrom. *Fonda* v. *Borst* (2 Keyes, 48) distinguished.

The defendant, at the same time, conveyed to the plaintiff, J. S. Taylor, a lot, upon a portion of which was situated a barn, which extended across and closed John street. The deed reserved to the parties of the first part "for their own use, twelve feet six inches along the south side of said lot, as long as the barn stands there, and, if the barn is removed, the line is to be the center of the said street." *Held*, that even if the reservation should be construed as an implied covenant that the barn might stand there for an indefinite period, it could only apply to and abridge the rights which the grantee acquired under the conveyance of that particular lot, and could not operate as a limitation upon the rights acquired under previous deeds of the other lots.

Proof of a parol promise by the grantor to remove the barn in a reasonable time, did not operate to add anything to the effect of the deed, or in any manner change its operation. Such promise and its non-performance were admissible, to show the propriety and necessity of the action, and might affect the question of costs.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action before the court, without a jury. This action was brought to compel the defendant to remove a barn from a street designated on a map of lands belonging to him, and along which the plaintiffs own lands, purchased from him. The justice before whom the action was tried, found, as matters of fact:

That about the early part of the year, 1868, the defendant, being the owner of certain real estate situated in the village of Walden, Orange county, New York, with the view of making the same more valuable, and as a railroad was about being run through said real estate, employed one Levi D. Bruyn, a surveyor or engineer, and had said lands mapped and laid out into village lots, with streets and avenues laid out therein; that upon said map and upon said lands there was, among others, a street laid out fifty feet in width, running from Orange avenue to Hepper avenue, and so to the depot or proposed depot of said railroad, being the Wallkill Valley Railway Company, and subsequently called John street; that in the west end of John street aforesaid there stood a large barn, belonging to said defendant, occupying the whole of said end of John street, and being about sixty feet one way, and with a hay barn attached, about twenty-eight feet the other; that said barn was indicated on said map in the end of said street; that said street

was a very important one, as it led directly from the populated part of said village to the depot aforesaid.

That on the 12th day of October, 1868, the plaintiffs and one Gilbert L. Barlow, in the name of John S. Taylor and said Gilbert L. Barlow, made and entered into a contract in writing with said defendant, whereby, for the consideration of $4,800, said defendant agreed to sell and convey to them, on or before April 1st, 1869, twenty-two of the lots of land laid down on said map, to wit: Nos. 1, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 29, 38, 39, 48, 49, 56, 57, 58 and 59, that said plaintiffs and said Barlow duly performed and fulfilled said contract on their part, and that in pursuance thereof said defendant and Fanny J., his wife, in April, 1869, executed, acknowledged and delivered to said plaintiffs and said Barlow deeds of conveyance for said lots mentioned and described in said contract; that, by an arrangement between said plaintiffs and said Barlow, a deed for a part of lot No. 29 was taken in the name of said plaintiff John S. Taylor alone, and contains this reservation: " The parties of the first part reserving for their own use twelve feet six inches (12.6) along the south side of said lot, as long as the barn stands there, and if the barn is removed, the line is to be the center of said street;" and that said deed to said plaintiffs and said Barlow contains this provision: "And it is also agreed by the parties of the first part that where any of the above described lots joins the street, the line is to extend to the center of said street."

That said lots, so purchased by said plaintiffs and said Barlow from said defendant, were purchased by said map and as laid down thereon by said Bruyn, and that said map was examined to that end on said day said contract was entered into and when said deeds were delivered; that said lots of ground were indicated by pegs driven therein, corresponding to the same as laid down on said map, and that the said lots as purchased and deeded as aforesaid, were located on both sides of said street called John street; that three adjoined said street, two on one side thereof and one on the other, and in said conveyances said lots were described by their numbers and by reference to said map.

That said defendant, as an inducement for the sale of said lots of land to said plaintiffs and said Barlow, at the time of said sale,

promised and agreed to and with them to remove said barn from said street, called John street, in a short time, or in a reasonable time, and that said deeds were received by them upon that understanding and agreement; that thereupon said plaintiffs and said Barlow erected expensive buildings upon said lots of land so conveyed to them, and commenced and continued to carry on the lumber business thereon; that said defendant never removed said barn from said street, although requested so to do by said plaintiffs and said Barlow, and that the same remains in said street, as it stood when said defendant sold said lots, and that said defendant has had a reasonable time to remove said barn and perform his said agreement; that said defendant removed stone walls from off said lots so sold, and from off some of said streets so laid out, soon after the execution of said contract, but the only enjoyment of said street, called John street, that said plaintiffs and said Barlow ever had, was that end opening toward the railroad depot, which is open; and to go to the populated part of said village of Walden, they must needs pass down into Hepper avenue, and so around to the left to the south plank-road, or to the right up Grant street to Orange avenue, in either case a roundabout way and much to their inconvenience.

That about March, 1871, said Barlow sold and conveyed his interest in said lots to said plaintiffs, who had continued the same business upon said premises, and who are copartners therein; that said John S. Taylor has requested said defendant to remove said barn from said street, but said defendant refuses so to do, and the same still remains therein as aforesaid, by reason whereof said plaintiffs have sustained damages and been injured in the enjoyment of their said lots of land.

And as conclusions of law upon the foregoing facts:

That said plaintiffs are entitled to the relief demanded in their complaint in said action; that, as between them and said defendant, they have a right to use said street called John street, from Hepper avenue to Orange avenue, the whole length of said street; that said defendant, having had a reasonable time to remove said barn, and having failed so to do, should be compelled to remove the same from said street, and open said street to its full width, fifty feet, and keep the same open.

*Cassedy & Brown*, for the appellant. That parol evidence of the promise to remove the barn was improper. (*Case* v. *Haight*, 3 Wend., 632; *Provost* v. *Calder*, 2 id., 517; *Badeau* v. *Mead*, 14 Barb., 325.) That John street had never been dedicated to the public use. (*Holdane* v. *Trustees of Cold Spring*, 21 N. Y., 474.)

*B. R. Champion*, for the respondent. That evidence of the promise to remove the barn did not vary the written contract. (*Thomas* v. *Truscott*, 53 Barb., 200; *Phelps* v. *Bostwick*, 22 id., 314; *Tallmadge* v. *The East River Bank*, 26 N. Y., 105.) That the plaintiffs had a right to have the barn removed. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 61; *Perrin* v. *N. Y. C. R. R. Co.*, 36 id., 120; *Wiggins* v. *McCleary*, 49 id., 346; *Rogers* v. *Salmon*, 8 Paige, 559; *Phillips* v. *Higgins*, 7 Lans., 314; *Cox* v. *James*, 59 Barb., 144.)

TALCOTT, J.:

We think this action was correctly decided on the merits by the justice before whom it was tried. We understand the law to be well settled, as stated in the opinion of Mr. Justice WRIGHT, in *Fonda* v. *Borst*, * and as follows: "Where the proprietor of lands surveys, maps and lays out such lands into lots (numbering them), with streets designated, named and put down on the map, as between him and a grantee of a lot bounded on one of the designated streets, his conveyance is *per se* a dedication of the street to the use of his grantee, *as a street*. As between the grantor and grantee it is a street, which the latter has a right to use as such as soon as the conveyance is made to him. By force of the grant, an easement is attached to the land granted, which thereby becomes an appurtenant, viz.: a right of way on and over the strip designated as a street, for the use of the lot conveyed." The rule thus clearly and tersely stated, fully covers and applies to this case. It is true, the majority of the court did not coincide with Mr. Justice WRIGHT as to the application of the principle, stated by him, to the case then under consideration; but that case † was decided upon its peculiar facts, which, the majority of the court apparently held, took it out of the well settled general rule; and the fact that the case does not appear among the authorized reports of the Court of Appeals, affords evidence that the case was understood by the court to have been decided on its peculiar circumstances, and not to afford a general rule of law, as authority in other cases, not precisely resembling that case in all its facts. The fact that, in the conveyance of lot twenty-nine to John S. Taylor, one of the

* 2 Keyes, 48.  † Fonda v. Borst, 2 Keyes, 48.

grantees of the others, reference was made to the barn obstructing John street, and reserving the use of a part of lot twenty-nine as long as the barn stands there, even if it is to be construed as an implied consent that the barn may stand there for an indefinite period, can only apply to and abridge the rights which the grantee got under the conveyance of lot twenty-nine. It does not purport to be, and cannot operate as, any reservation of or limitation upon the rights acquired under previous deeds of the other lots. The proof of the parol promise, by the grantor, to remove the barn in a reasonable time, did not operate to add anything to the effect of the deed, or in any manner change its operation. The fact of such a promise, and its non-performance, only went to show the propriety and necessity of commencing this action in equity, and might have affected the question of costs, which were in the discretion of the court.

The judgment is affirmed, with costs of the appeal.

Present — TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.